IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ELIAZAR NORIEGA-VALENZUELA,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | 1:03-CR-05111-AWI<br>(1:10-CV-01369-AWI)<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br>(Doc. 238) |

## I. INTRODUCTION

Petitioner Angel Eliazar Noriega-Valenzuela ("Petitioner") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For reasons discussed below, the motion shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 20, 2004, Petitioner was found guilty by a jury on two counts of (1) conspiracy to manufacture and distribute methamphetamine and aiding and abetting under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. 2; and (2) possession of firearms in furtherance of drug trafficking crimes under 18 U.S.C. 924(c)(1)(A)(i). On May 26, 2004

Petitioner was sentenced to 235 months on the first count and 60 months on the second count for a total term of 295 months, followed by a 60-month term of supervised release. Petitioner appealed his conviction to the Ninth Circuit. On August 30, 2006, the Ninth Circuit affirmed Petitioner's conviction on the first count but reversed Petitioner's conviction on the second count of firearms possession due to insufficient evidence. Petitioner's sentence was vacated and the case was remanded to this court for re-sentencing. On November 21, 2007, Petitioner was re-sentenced to a term of 235 months followed by a 60-month term of supervised release. On July 29, 2010, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel and court error. The government has not filed an opposition.

## III. LEGAL STANDARD

"'In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.'" *Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Lorentsen v. Hood,* 223 F.3d 950, 943 (9th Cir. 2000)). Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum imposed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall

cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*., § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether a movant has made specific factual allegations that, if true, state a claim on which relief could be granted.' Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *U.S. v. Withers,* 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984)) (internal citations omitted).

## IV. DISCUSSION

***A. Ineffective assistance of counsel* –** In his motion, Petitioner raises three specific claims involving allegations of ineffective assistance by trial and/or appellate counsel. "The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." *Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). "In order to establish ineffective assistance of counsel, a petitioner must prove both deficient performance by his counsel and prejudice caused by the deficiency. To demonstrate deficient performance [the petitioner] must

show that counsel's performance 'fell below an objective standard of reasonableness' based on 'the facts of the particular case [and] viewed as of the time of counsel's conduct.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688-90, 104 S.Ct. 2052, 80 L.Ed.2dd 674 (1984)). The court "must apply a' strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. The [petitioner] bears the burden of showing 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth Amendment.'" *James v. Schriro,* 659 F.3d 855, 879-80 (9th Cir. 2011) (quoting *Strickland, supra,* at 687, 689). "In order to establish prejudice [the petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Gonzalez, supra,* 667 F.3d at 987 (quoting *Strickland, supra,* 466 U.S. at 694). "Because failure to meet either prong is fatal to [the petitioner's] claim, there is no requirement that [the court] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Id*.

***1. Failure to file motion to suppress evidence from warrantless search of premises-*** Petitioner contends that trial counsel was ineffective for failing to file a motion to suppress evidence obtained in a warrantless search of the premises where methamphetamine was being made. Petitioner contends trial counsel should have filed a motion to suppress because the search was illegal. Petitioner contends that no exigent circumstances existed to justify Drug Enforcement Agents' warrantless entry into the premises owned by co-defendant Enrique Diaz. Therefore, Petitioner contends that any evidence obtained from the entry and search was inadmissible. "To

show prejudice under *Strickland* from failure to file a motion, [the petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him." *Wilson v. Henry,* 185 F.3d 986, 990 (9th Cir. 1999) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 373-74, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

Petitioner provides no evidence or argument to suggest that exigent circumstances did not exist in the search of the Diaz residence. Further, the trial record shows that exigent circumstances were present on the date of Petitioner's arrest. Law enforcement agents detected a strong odor of methanol (a precursor chemical used in making methamphetamine) emitting from the property, sought a search warrant, and then saw suspects, including Petitioner, fleeing the property as the agents approached. Trial Record at 208-09, 217, 255. Not only had the agents sought a search warrant, but when exigent circumstances such as the flight of a suspect occur, a warrantless search is not illegal. See *United States v. Santana,* 427 U.S. 38, 42–43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). Petitioner's contention fails the first prong of the *Strickland* test. Petitioner has not shown that had his counsel filed the motion to suppress, it would reasonably have been granted by the trial court. It would be futile for Petitioner's lawyer to have made a motion to suppress. Counsel's decision to abstain from filing a futile motion is a matter of professional judgment that does not fall below an objective standard of reasonableness. *See Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir. 1994). Counsel's failure to file a motion to suppress therefore does not constitute ineffective assistance of counsel.

***2. Failure to allow Petitioner to testify on his own behalf***- Petitioner contends that trial counsel was ineffective for refusing to allow Petitioner to testify on his own behalf at trial. Petitioner

contends that trial counsel's decision was not within the realm of trial strategy but was in fact an unlawful physical restraint on Petitioner at trial. Petitioner contends that had he been allowed to testify, he would have demonstrated to the jury that he was innocent and merely incidentally at the scene.

"The *Strickland* standard is applicable when a petitioner claims his attorney was ineffective by denying him his constitutional right to testify." *Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009) (citing *Medley v. Runnels,* 506 F.3d 857, 861 (9th Cir.2007)). Disagreements between client and counsel over trial strategy cannot support an ineffective assistance claim. *People v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) (per curiam). "[T]he decision whether to have a defendant testify is a tactical one, afforded great deference under *Strickland.*" *Buchanan v. Beard*, CIV. 10-0423 GPC NLS, 2013 WL 2390435 (S.D. Cal. May 29, 2013) (citing *Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir.2009)). The trial record shows that law officers testified that Petitioner provide them with a false name upon apprehension. Trial Record at 267. Other trial testimony stated that Petitioner was arrested with a white "crystally substance" that appeared to be ephedrine on his hands, forearms, and face. Id at 268. All of these factors could have undermined Petitioner's story of innocence. Counsel's tactical decision not to have Petitioner testify appears to be part of counsel's exercise of reasonable professional judgment in light of the situation. Petitioner has not explained how trial counsel performed unreasonably or how he was prejudiced as a result.

Petitioner further contends that because trial counsel did not object to his legs being shackled during trial, he was effectively prohibited from testifying on his own behalf because his attorney did not want the jury to see his shackles. "[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the

exercise of its discretion, that they are justified by a state interest specific to a particular trial. Such a determination may of course take into account the factors that courts have traditionally relied on in gauging potential security problems and the risk of escape at trial." *Deck v. Missouri*, 544 U.S. 622, 629, 125 S. Ct. 2007, 2012, 161 L. Ed. 2d 953 (2005).

Here, there was a trial court determination on the use of shackles. The prosecution motioned for security measures in light of the fact that Petitioner's co-defendant had attempted to escape after being arrested. Trial Record at p.6. The court allowed Petitioner to be shackled but skirted the table where Petitioner sat. Id. Further, the court stated that, "if either defendant is going testify, we'll . . . work some modifications or arrangements so that the jury is not made aware of the security devices." Id at 6-7. Petitioner concedes that measures were taken to prevent the jury from seeing his leg shackles. P.18 of Petitioner's Memorandum in Support of Petition. In addition, Petitioner has brought no evidence to show that the jury saw his leg restraints. Further, the court specifically stated that arrangements would be made should Petitioner testify. Therefore, Petitioner's shackling did not unduly prejudice the jury or prevent him from testifying on his own behalf.

Upon review of the record, the court is convinced that trial counsel's decision not to have Petitioner testify was a tactical decision and not ineffective assistance of counsel.

***3. Failure to move to allow Petitioner to speak at Petitioner's November 5, 2007 sentencing hearing***- Petitioner contends that appellate counsel was ineffective for allowing the court to sentence Petitioner at his resentencing hearing without affording him the right of allocution to offer mitigating factors for a lower sentence. Petitioner contends that while the court took into account a letter he wrote, the court did not afford him the opportunity to speak at his sentencing,

thus depriving him of the opportunity to offer mitigating factors that would have reduced Petitioner's sentence. Petitioner contends that this refusal to let him speak was a violation of Rule 32 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3353 *et seq*. The court has reviewed the records of Petitioner's November 5, 2007 sentencing hearing and finds that Petitioner was afforded the right to speak at his sentencing hearing. Upon submission by Petitioner's counsel, the court stated, "And Mr. Noriega Velenzuela, is there anything you wish to say about the presentence investigation report, the addendum to the presentence report or your sentencing in general?" November 5, 2007 Sentencing Transcript, p.9. Petitioner is on record as stating, "I would just ask for your consideration. That's all." Id. The record clearly shows that Petitioner was afforded the right to speak at his sentencing. Therefore, Petitioner's contention is meritless.

***B. Unlawful jury instructions***- Petitioner contends that the jury was improperly instructed as to the amount of methamphetamine required as an element of the offense of conspiracy to manufacture and distribute methamphetamine. Petitioner contends that "neither the Court instructed the jury on the 500 grams or more element as required for a lawful conviction under 21 U.S.C. § 841(b)(1)(A), nor did the indictment contain that element of the offense." P.8 of Petitioner's Memorandum in Support of Petition. Petitioner contends that the jury instructions in this case only mentioned a 50 gram element and further, did not mention anything about "Ice" or "actual methamphetamine". The court has reviewed the trial record and finds that the jury was correctly instructed as to the quantity of methamphetamine. The court record shows that jury instructions stated "500 grams or more of a mixture containing methamphetamine and/or 50 grams of methamphetamine." Court Record p.528. There is no requirement that instructions

regarding 21 U.S.C. § 841(b)(1)(A) mention "Ice" or "actual methamphetamine". 21 U.S.C. § 841(b)(1)(A) provides that the quantity of methamphetamine involved in the offense must be "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." 21 U.S.C.A. § 841 (West). Upon review of the record, the court finds nothing to support Petitioner's contention that the jury was improperly instructed on the amount of methamphetamine necessary for the offense. Consequently, Petitioner's claim of improper jury instruction is without merit.

***C. Arbitrary calculation of drug amount from precursor chemicals***- Petitioner contends that he was convicted and sentenced based on an arbitrary calculation of the amount of methamphetamine that could be produced from the precursor chemicals found by the DEA at the Diaz residence. Petitioner contends that such an arbitrary calculation violated his Constitutional due process.

When the amount seized does not reflect the scale of the offense, the sentencing court is allowed to "approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 (2007), application note 12. The Ninth Circuit allows a sentencing court to "calculate 'potential' methamphetamine based on seized precursor chemicals, such as ephedrine." *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir. 1995) (citing *United States v. Bertrand*, 926 F.2d 838, 846-47 (9th Cir.1991)); *see also United States v. Roberts*, 5 F.3d 365, 372 (9th Cir. 1993). The Ninth Circuit has approved "a sentencing court's reliance on expert testimony that estimates production capability, even when the expert must assume the availability of precursor chemicals

that were not seized or were found in short supply." *Basinger*, 60 F.3d at 1409 (citing *United States v. Williams*, 989 F.2d 1061, 1073 (9th Cir.1993)).

Here, the calculation of methamphetamine being created was not calculated simply from precursor chemicals. The amount of methamphetamine was calculated from a substance taken by law enforcement officials that contained actual methamphetamine. Trial Record p. 374-76. The methamphetamine quantity was calculated by William Moriwaki, a senior forensic chemist at the U.S. Department of Justice Drug Enforcement Administration's Western Regional Lab in San Francisco, CA. Id. Moriwaki dried the substance at a Department of Justice laboratory and determined that the dried substance weighed 1,535 grams and contained 45% pure methamphetamine hydrochloride. Id at 375. Therefore, the substance contained 690.8 grams of pure methamphetamine. Id at 376. Further, Moriwaki testified that based on the amount of the precursor chemical pseudoephedrine found, thousands of grams of methamphetamine could be produced.[1] Expert testimony was used to ascertain the amount of methamphetamine produced. In light of Ninth Circuit law permitting exactly this kind of testimony to ascertain "potential" methamphetamine production, Petitioners contention that the calculation was arbitrary and violated Constitutional due process is groundless.

---

[1] Moriwaki testified as to various samples collected by the Government. Moriwaki testified that based on three of the samples (203, 206 and 207) seized; respectively 3,690 grams, 2644 grams, and 1580 grams of methamphetamine could have been produced.

**V. DISPOSITION**

Based on the foregoing, the motion of petitioner Angel Eliazar Noriega-Valenzuela to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated: June 26, 2013

SENIOR DISTRICT JUDGE